# EXHIBIT A



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**January 5, 2023 10:01**

By: KEVIN A. BURYANEK 0099300

Confirmation Nbr. 2740532

BRUCE FEAGLER                                              CV 23 973370

vs.

METLIFE LEGAL PLANS, INC., ET AL          Judge: DAVID T. MATIA

Pages Filed: 15

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| BRUCE FEAGLER<br>4079 Summit Street<br>Norton, Ohio 44203<br>　　　　　Plaintiff,<br><br>v.<br><br>METLIFE LEGAL PLANS, INC.<br>c/o CT Corporation System<br>Statutory Agent<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219<br><br>　　　-And-<br><br>RACHEL STEINLAGE<br>4811 Wiltshire Road<br>North Royalton, Ohio 44133<br><br>　　　-And-<br><br>VICKY DEPIORE<br>10897 Ravenna Road<br>Twinsburg, Ohio 44087<br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT**<br><br>**JURY DEMAND ENDORSED**<br>**HEREIN** |

Plaintiff Bruce Feagler, by and through his undersigned counsel, as his Complaint against Defendants, hereby states and avers the following:

**PARTIES, JURISDICTION & VENUE**

1. Plaintiff Bruce Feagler is a natural person and resident of the City of Norton, Summit County, Ohio.

2. Defendant MetLife Legal Plans, Inc. ("MetLife") is a foreign, for-profit corporation licensed to do and doing business in the State of Ohio, with a principal place of business located at 1111 Superior Avenue, Cleveland, Cuyahoga County, Ohio 44114.

3. Upon information and belief, Defendant Rachel Steinlage is a natural person and resident of the City of North Royalton, Cuyahoga County, Ohio.

4. Upon information and belief, Defendant Vicky DePiore is a natural person and resident of the City of Twinsburg, Summit County, Ohio.

5. All material events alleged in this Complaint occurred in Cuyahoga County, Ohio.

6. Personal jurisdiction is proper over Defendants pursuant to R.C. §2307.382(A)(1) and/or (4).

7. Venue is proper pursuant to Civ. R. 3(C)(2), (3) and/or (6).

8. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

9. Within 300 days of the discrimination alleged below, Feagler dually filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Ohio Civil Rights Commission, Charge No. 532-2022-02737.

10. On or about October 7, 2022, the EEOC issued Feagler a Notice of Right to Sue letter for Charge No. 532-2022-02737, a copy of which is attached hereto as Exhibit 1.

11. Feagler has exhausted his available administrative remedies.

12. Within in 90 days of receipt of the Notice of Right to Sue letter, Feagler filed this Complaint.

## FACTS

13. Feagler is a former employee of MetLife.

14. Feagler was employed by MetLife on or about November 13, 2000.

15. Feagler worked as a Panel Representative.

16. Feagler suffers from clinical depression and a seizure disorder.

17. Feagler's conditions constitute disabilities.

18. Feagler is disabled.

19. Feagler informed MetLife of his disabling conditions.

20. Feagler informed Steinlage of his disabling conditions.

21. Feagler informed DePiore of his disabling conditions.

22. In the alternative, MetLife perceived Feagler as being disabled.

23. In the alternative, Steinlage perceived Feagler as being disabled.

24. In the alternative, DePiore perceived Feagler as being disabled.

25. Feagler's conditions constitute physical and/or psychological impairments.

26. Feagler's conditions substantially impair one or more of his major life activities, including but not limited to working.

27. In the alternative, MetLife perceived Feagler's conditions to substantially impair one or more of his major life activities, including but not limited to working.

28. In the alternative, Steinlage perceived Feagler's conditions to substantially impair one or more of his major life activities, including but not limited to working.

29. In the alternative, DePiore perceived Feagler's conditions to substantially impair one or more of his major life activities, including but not limited to working.

30. Feagler's medically necessary medication causes him extreme drowsiness.

31. Feagler's extreme drowsiness makes it unusually difficult for him to wake from sleep.

32. Feagler requested a flexible log-in policy to accommodate the side effects of his medication.

33. Feagler requested accommodations from MetLife to assist with his disabilities.

34. Feagler's requested accommodations were reasonable.

35. There was an accommodation that would have been effective and would not have posed an undue hardship to MetLife.

36. MetLife failed to engage in the interactive process of determining whether Feagler needed accommodations.

37. MetLife treated Feagler differently than other similarly situated employees based on his disabling conditions.

38. Steinlage treated Feagler differently than other similarly situated employees based on his disabling conditions.

39. Steinlage scrutinized Feagler's log-in times.

40. Steinlage monitored Feagler's log-in times more than she monitored any other employee's log-in times.

41. Steinlage scrutinized Feagler's log-in times more than she did any other employee's log in times.

42. Steinlage monitored and scrutinized Feagler's log-in times because she knew his medically necessary medication made it unusually difficult for him to wake from sleep.

43. Steinlage monitored and scrutinized Feagler's log-in times because she discriminated against him based on his disabilities.

44. Steinlage issued Feagler discipline for logging in late because she refused to accommodate his disabilities.

45. DePiore treated Feagler differently than other similarly situated employees based on his disabling conditions.

46. MetLife treated Feagler differently than other similarly situated employees based on his perceived disabling conditions.

47. Steinlage treated Feagler differently than other similarly situated employees based on his perceived disabling conditions.

48. DePiore treated Feagler differently than other similarly situated employees based on his perceived disabling conditions.

49. During his employment, Feagler qualified for FMLA leave.

50. During his employment, Feagler requested and received FMLA leave.

51. During his employment, Feagler used FMLA leave.

52. Feagler used FMLA leave intermittently to care for his own serious health conditions.

53. Feagler used FMLA leave up to eight hours per week.

54. MetLife approved Feagler's FMLA use in two-hour increments.

55. Feagler notified Steinlage that he needed to use FMLA leave in the mornings to care for the extreme side effects of his medication.

56. Steinlage forbid Feagler from using his approved FMLA.

57. Steinlage dictated that Feagler use his approved FMLA only in increments of half days or whole days.

58. Steinlage refused to allow Feagler to use his approved FMLA in the manner indicated by his physician.

59. Steinlage refused to allow Feagler to use his approved FMLA in the manner indicated by MetLife.

60. MetLife violated Feagler's FMLA rights when it did not honor Feagler's approved use of FMLA leave.

61. Steinlage violated Feagler's FMLA rights when it did not honor Feagler's approved use of FMLA leave.

62. DePiore violated Feagler's FMLA rights when it did not honor Feagler's approved use of FMLA leave.

63. After Feagler used his qualified FMLA leave, MetLife retaliated against him.

64. After Feagler used his qualified FMLA leave, Steinlage retaliated against him.

65. After Feagler used his qualified FMLA leave, DePiore retaliated against him.

66. On or about August 30, 2021, Feagler opened his work computer after 6:00 p.m. to watch training videos in preparation for work the next day.

67. Steinlage disciplined Feagler for working unapproved overtime when he watched training videos.

68. Steinlage suspended Feagler three days without pay.

69. A three-day suspension without pay was disproportionate under MetLife's discipline policy.

70. Steinlage did not discipline any other employees excessively.

71. Steinlage retaliated against Feagler by disciplining Feagler when he used FMLA leave.

72. DePiore retaliated against Feagler by disciplining Feagler when he used FMLA leave.

73. Feagler's medication caused him extreme drowsiness when he was scheduled to return from suspension.

74. On or about September 1, 2021, Feagler logged in late on his computer because of his disabilities.

75. Feagler requested a meeting with Steinlage to discuss applying his FMLA leave toward his late log-ins.

76. Steinlage agreed to a meeting with Feagler.

77. Steinlage and DePiore met with Feagler but did not discuss his FMLA.

78. Instead, during the meeting on or about September 1, 2021, Steinlage and DePiore terminated Feagler's employment.

79. MetLife willfully retaliated against Feagler in violation of U.S.C. § 2615(a).

80. Steinlage willfully retaliated against Feagler in violation of U.S.C. § 2615(a).

81. DePiore willfully retaliated against Feagler in violation of U.S.C. § 2615(a).

82. MetLife terminated Feagler's employment due to his disabling conditions.

83. Steinlage terminated Feagler's employment due to his disabling conditions.

84. DePiore terminated Feagler's employment due to his disabling conditions.

85. As a direct and proximate result of Defendants' acts and/or omissions, Feagler has suffered and will continue to suffer damages.

## COUNT I: FMLA RETALIATION

88. Feagler restates each and every foregoing paragraph of this Complaint, above, as if it were fully rewritten herein.

89. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical situations.

90. MetLife is a covered employer under the FMLA.

91. During his employment, Feagler qualified for FMLA leave.

92. During the course of his employment, Feagler was approved to utilize FMLA leave.

93. After Feagler attempted to use qualified FMLA leave, Defendants retaliated against him.

94. Defendants retaliated against Feagler by terminating his employment.

95. Defendants willfully retaliated against Feagler in violation of 29 U.S.C. § 2615(a).

96. As a direct and proximate result of Defendants' wrongful conduct, Feagler is entitled to all damages provided for under 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## COUNT II: FMLA INTERFERENCE

97. Feagler restates each and every foregoing paragraph of this Complaint, above, as if it were fully rewritten herein.

98. Pursuant to 29 U.S.C. §2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

99. MetLife is a covered employer under the FMLA.

100. During his employment, Feagler qualified for FMLA leave.

101. During his employment, Feagler attempted to used FMLA by applying for FMLA leave.

102. During his employment, Feagler attempted to use FMLA.

103. Defendants prevented Feagler from using FMLA.

104. Defendants unlawfully interfered with Feagler's exercise of his rights under the FMLA, in violation of section 105 of the FMLA.

105. As a direct and proximate result of Defendants' conduct, Feagler has suffered and will continue to suffer damages.

106. As a direct and proximate cause of Defendants' conduct, Feagler is entitled to all damages provided for under 29 U.S.C. §2617, including liquidated damages, costs, and reasonable attorney's fees.

**COUNT III: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.***

107. Feagler restates each and every foregoing paragraph of this Complaint, above, as if it were fully rewritten herein.

108. Feagler suffers from medical conditions.

109. The medical conditions constitute a physical and/or psychological impairments.

110. Feagler's medical conditions substantially impair one or more of his major life functions, including but not limited to working.

111. As a result of suffering from the medical conditions, Feagler is disabled.

112. Alternatively, MetLife perceived Feagler to be disabled.

113. Despite any real or perceived disabilities, Feagler able to perform his essential job functions with or without reasonable accommodations.

114. Defendants treated Feagler differently than other similarly situated employees based on his disabling conditions.

115. Alternatively, Defendants treated Feagler differently than other similarly-situated employees based on his perceived disabling conditions.

116. On or about September 1, 2021, Defendants terminated Feagler's employment.

117. Defendants terminated Feagler's employment based his disabilities.

118. Alternatively, Defendants terminated Feagler's employment based his perceived disabilities.

119. Defendants violated R.C. § 4112.01 *et seq.* when they discharged Feagler based on his disabilities.

120. Alternatively, Defendants violated R.C. § 4112.01 *et seq.* when they discharged Feagler based on his perceived disabilities.

121. Defendants violated R.C. § 4112.01 *et seq.* by discriminating against Feagler based on his disabling conditions.

122. Alternatively, Defendants violated R.C. § 4112.01 *et seq.* by discriminating against Feagler based on his perceived disabling condition.

123. Feagler suffered emotional distress as a result of Defendants' conduct, and is entitled to emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

124. As a direct and proximate result of Defendants' conduct, Feagler has suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT IV: UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION IN VIOLATION OF R.C. § 4112.02(J)

125. Feagler restates each and every foregoing paragraph of this Complaint, above, as if it were fully rewritten herein.

126. Pursuant to R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..[.]"

127. Steinlage aided, abetted, incited, coerced, and/or compelled MetLife's discriminatory termination of Feagler's employment.

128. Steinlage violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting and inciting discrimination.

129. DePiore aided, abetted, incited, coerced, and/or compelled MetLife's discriminatory termination of Feagler's employment.

130. DePiore violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting and inciting discrimination.

131. Feagler suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

132. As a direct and proximate result of Defendants' conduct, Feagler has suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT V: FAILURE TO ACCOMMODATE

133. Feagler restates each and every foregoing paragraph of this Complaint, above, as if it were fully rewritten herein.

134. Feagler informed Defendants of his disabling condition.

135. Feagler requested accommodations from Defendants to assist with his disabilities.

136. Feagler's requested accommodations were reasonable.

137. There was an available accommodation that would have been effective and would not have posed an undue hardship to Defendant.

138. Defendant did not engage in the interactive process of determining whether Feagler needed an accommodation.

139. Defendants failed to provide an accommodation.

140. Defendants violated R.C. 4112.02 by failing to engage Feagler in the interactive process.

141. Defendant violated R. C. 4112.02 by failing to provide Feagler a reasonable accommodation.

142. As a direct and proximate result of Defendants' conduct, Feagler suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant the following relief:

(a) Issue an order requiring MetLife retroactively to restore Plaintiff to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Plaintiff for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Plaintiff's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ *Kevin A. Buryanek*
Kevin A. Buryanek (0099300)
Daniel S. Dubow (0095530)
**SPITZ, THE EMPLOYEE'S FIRM**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
kevin.buryanek@spitzlawfirm.com
daniel.dubow@spitzlawfirm.com

*Attorneys for Plaintiff Bruce Feagler*

## JURY DEMAND

Plaintiff Bruce Feagler demands a trial by jury by the maximum number of jurors permitted.

/s/ *Kevin A. Buryanek*

Kevin A. Buryanek (0099300)
Daniel S. Dubow (0095530)
**SPITZ, THE EMPLOYEE'S FIRM**

EEOC Form 161-B (01/2022)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

Bruce Feagler
4079 Summit
Norton, OH 44203

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 532-2022-02737 | Legal Unit Duty Officer | (267) 589-9707 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

   More than 180 days have passed since the filing of this charge.

   The EEOC is terminating its processing of this charge.

*Age Discrimination in Employment Act (ADEA):* You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** *of your receipt of this Notice.* Otherwise, your right to sue based on the above-numbered charge will be lost.

*Equal Pay Act (EPA):* You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Dilip Gokhale*    10/07/2022

**Dilip Gokhale**
**Field Office Director**

Enclosures(s)

cc:   **James G Murphy**
      **MetLife**
      **200 PARK AVE FL 4**
      **New York, NY 10166**

      **Patricia Brandt**
      **The Spitz Law Firm, LLC**
      **patricia.brandt@spitzlawfirm.com**

Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

### THE COURT OF COMMON PLEAS, CIVIL DIVISION
### CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

BRUCE FEAGLER
Plaintiff

V.

METLIFE LEGAL PLANS, INC., ET AL
Defendant

CASE NO. CV23973370

JUDGE DAVID T MATIA

# SUMMONS  SUMC  CM

Notice ID: 49483010



| From: | BRUCE FEAGLER        P1 |
|---|---|
|   | 4079 SUMMIT STREET |
|   | NORTON OH 44203 |

| Atty.: | DANIEL S. DUBOW |
|---|---|
|   | 25825 SCIENCE PARK DR STE 200 |
|   | BEACHWOOD, OH 44122-0000 |

| To: | METLIFE LEGAL PLANS, INC.        D1 |
|---|---|
|   | C/O CT CORPORATION SYSTEM |
|   | STATUTORY AGENT |
|   | 4400 EASTON COMMONS WAY, SUITE 125 |
|   | COLUMBUS OH 43219 |

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff. You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

Date Sent: 01/09/2023

By_____
Deputy

CMSN130

# THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

<u>BRUCE FEAGLER</u>
**Plaintiff**

V.

<u>METLIFE LEGAL PLANS, INC., ET AL</u>
**Defendant**

CASE NO. CV23973370

JUDGE DAVID T MATIA

# SUMMONS   SUMC   CM

Notice ID: 49483011



| From: | BRUCE FEAGLER 4079 SUMMIT STREET NORTON OH 44203 | P1 |

| Atty.: | DANIEL S. DUBOW 25825 SCIENCE PARK DR STE 200 BEACHWOOD, OH 44122-0000 |

| To: | RACHEL STEINLAGE 4811 WILTSHIRE ROAD NORTH ROYALTON OH 44133 | D2 |

**NOTICE TO THE DEFENDANT:**

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff. You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

Date Sent: <u>01/09/2023</u>

By_____
**Deputy**

CMSN130

**THE COURT OF COMMON PLEAS, CIVIL DIVISION**
**CUYAHOGA COUNTY, OHIO**

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

| | |
|---|---|
| <u>BRUCE FEAGLER</u><br>Plaintiff | CASE NO. CV23973370 |
| V. | JUDGE DAVID T MATIA |
| <u>METLIFE LEGAL PLANS, INC., ET AL</u><br>Defendant | **SUMMONS** SUMC CM<br>Notice ID: 49483012 |



| From: | BRUCE FEAGLER                              P1<br>4079 SUMMIT STREET<br>NORTON OH 44203 | Atty.: | DANIEL S. DUBOW<br>25825 SCIENCE PARK DR STE 200<br>BEACHWOOD, OH 44122-0000 |
|---|---|---|---|
| To: | VICKY DEPIORE                              D3<br>10897 RAVENNA ROAD<br>TWINSBURG OH 44087 | | |

**NOTICE TO THE DEFENDANT:**

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff. You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

Date Sent: <u>01/09/2023</u>            By _____
                                                                      **Deputy**

CMSN130